IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

ATRONDRA R. WILLIAMS,

        Plaintiff,

vs.                                            Civil Action No. 5:13-cv-54 (Stamp)
                                                          Electronically Filed April 18, 2013

ANTHONY MICHAEL D'ANGELO and
HUNTER TRUCK SALES & SERVICES, INC.
a Pennsylvania corporation,

        Defendants.

## NOTICE OF REMOVAL OF DEFENDANTS ANTHONY MICHAEL D'ANGELO AND HUNTER TRUCK SALES & SERVICE, INC.

COME NOW Defendants, Anthony Michael D'Angelo ("Defendant D'Angelo") and Hunter Truck Sales & Service, Inc. ("Defendant Hunter Truck"), by counsel, and hereby remove this action from the Circuit Court of Marshall County, West Virginia to the United States District Court for the Northern District of West Virginia, pursuant to 28 U.S.C. §§ 1441(a) and 1446. This action is removable based upon diversity of citizenship under the provisions of 28 U.S.C. §1332. Defendants assert that diversity jurisdiction exists as there is complete diversity of citizenship between the parties and the amount in controversy is in excess of the jurisdictional threshold of $75,000.00, exclusive of interests and costs. Defendants state the following in support of the removal of the above captioned civil action:

### Pleadings and Service

1.    On or about March 20, 2013, Plaintiff Antronda R. Williams ("Plaintiff") filed a Complaint in the Circuit Court of Marshall County, West Virginia, which is captioned *Antronda R. Williams vs. Anthony Michael D'Angelo and Hunter Truck Sales & Service, Inc.*. The Complaint is identified as Civil Action No. 13-C-54.

2. In her Complaint, Plaintiff seeks damages for injuries she allegedly sustained in a head on collision which occurred on August 12, 2011. *See Complaint* at ¶ 7. (The Complaint is included in the certified copy of record attached as Exhibit A. Exhibit A consists of all of the process, pleadings and orders served upon defendants in this action to date from the Circuit Court of Marshall County, West Virginia, as required under 28 U.S.C. §1446. For ease of reference, further citation to the Complaint will be made as "*Complaint* at __").

3. Specifically, Plaintiff alleges that Defendant D'Angelo "negligently and improperly operate[d]" a 2008 GMC cargo van while travelling southbound on Route 2 south of Moundsville in Marshall County, West Virginia. *See Complaint* at ¶¶ 6 and 7. Plaintiff asserts that Defendant D'Angelo crossed the centerline and struck Plaintiff who was travelling northbound on Route 2. *See Complaint* at ¶¶ 4 and 7.

4. Plaintiff further alleges that Defendant Hunter Truck "negligently entrusted and authorized Defendant D'Angelo" to operate the cargo van involved in the collision. *See Complaint* at ¶ 5.

5. On March 22, 2013, Plaintiff caused the Summons and Complaint to be served on the West Virginia Secretary of State as Defendant Hunter Truck's alleged statutory agent for service of process. *See* Exhibit A.

6. On March 22, 2013, Plaintiff caused the Summons and Complaint to be forwarded via certified mail to Defendant D'Angelo by the by the Clerk of the Court for Marshall County. *See* Exhibit A.

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) as it is filed within thirty days of the date on which Defendants were served with or had notice of the filing of the Complaint.

## Jurisdiction

8. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a). Further, this civil action may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446(b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

## Diversity of Citizenship

9. Complete diversity exits under 28 U.S.C. §1332 between Plaintiff and Defendants as they are citizens of different states.

10. Plaintiff is a resident of the State of West Virginia. *See Complaint* at ¶ 1. Her address is 3000 Christy Lynn Drive, Moundsville, West Virginia (Marshall County). *See id.*

11. Defendant D'Angelo is a resident of the Commonwealth of Pennsylvania. *See Complaint* at ¶ 2. His address is 135 J D Lane, Portersville, Pennsylvania. *See id.*

12. Defendant Hunter Truck Sales is a corporation organized under the laws of the Commonwealth of Pennsylvania. *See Complaint* at ¶ 3. Its principal office address is 519 Pittsburgh Road, Butler, Pennsylvania. *See id.*

## Amount In Controversy

13. In her Complaint, Plaintiff seeks damages for physical injuries; medical expenses; loss of income; pain and suffering; mental anguish; loss of ability to enjoy life; and for becoming an increased industrial risk. *See Complaint* at ¶ 8 and 8(a)-(g). With respect to these elements of damage, Plaintiff claims that "some or all of which are reasonably expected to be permanent." *See Complaint* at ¶ 8. Plaintiff, however, fails to specify in the *ad damnum* clause an amount of damages for which seek she is seeking recovery. *See Complaint* at *ad damnum* clause, p. 3.

14. When an amount of controversy is not specifically stated within the *ad damnum* clause of a Complaint, the removing defendant is required "to prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Heller v. TriEnergy, Inc.*, 877 F.Supp.2d 414, 427 (N.D. W.V. 2012) (Bailey, J.) (citations omitted). To that end, the amount in controversy is determined by "considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *See id.* A court "must consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied." *See id.*

15. To conduct its analysis regarding the amount in controversy, this Court may consider:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefrom, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. <u>The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.</u>

*See id.* (emphasis added).

16. To establish jurisdiction, it is appropriate for a district court to consider evidence extrinsic to the pleadings. More specifically, district courts have routinely considered pre-suit settlement demands as evidence of whether the jurisdictional threshold for the amount in controversy has been met. *See Heller v. TriEnergy, Inc.*, 877 F.Supp.2d 414, 428 (N.D. W.V. 2012) (Bailey, J.) (considering a demand totaling over $ 900,000 within the totality of the circumstances to find defendants met the burden by a preponderance of evidence that the amount in controversy had been satisfied); *Kenney v. Independent Order of Foresters*, 2012 WL

6149171, *5 (N.D.W.V. Dec. 11, 2012) (Groh, J.) (recognizing that plaintiff's pre-suit settlement demand of $ 100,000 appeared to be plaintiff's reasonable assessment of the value of her claims and finding that when viewed along with the Complaint, the amount in controversy requirement had been satisfied); *Etchison v. Westfield Insurance Co.*, 2006 WL 2796658, *4 (N.D.W.V. Sept. 26, 2006) (Stamp, J.) (considering plaintiff's complaint, a demand for $ 70,000 and a prior demand of 3,000,000 to find that defendant had satisfied the judicial amount in controversy requirement). *See also Scaralto v. Ferrell*, 826 F.Supp.2d 960, 968 (S.D.W.V 2011) (Goodwin, J.) (holding that defendant met the burden of establishing the amount in controversy where plaintiff sent a demand of $ 150,000 and could not show to a legal certainty that he would be unable to recover over $ 75,000).

17. In this case, the amount in controversy requirement is conclusively satisfied by a settlement demand conveyed by Plaintiff's counsel prior the filing of this action. A copy of Plaintiff's November 13, 2012 settlement demand, without its medical records and bills enclosures, is attached as Exhibit B. (Defendants have redacted from the demand references to Plaintiff's income, her medical conditions and her treatment to maintain the confidential nature of this information).

18. Specifically, on November 13, 2012, Plaintiff's counsel tendered a demand for $1,350,000.00. In this demand, Plaintiff's medical bills, as of November 13, 2013, are totaled in the amount of $135,444.52. *See id.* Plaintiff's counsel indicated in the demand that additional medical bills expected to range from $ 3,500 to $ 5,000 were also outstanding. *See id.*

19. In addition to her claim for damages for medical treatment, Plaintiff also states that that she lost $ 11,795.86 in wages from reduced pay as result of her injuries.

20.     Given Plaintiff's medical bills which total at least $135,444.52 and her wage claim of $ 11,795.86, both of which are set forth in her settlement demand of $1,350,000.00, and considering the elements of damages Plaintiff asserts in her Complaint, the amount in controversy requirement for federal diversity jurisdiction is satisfied.  *See* Exhibits A and B.

21.     Defendants will serve Plaintiff with this Notice of Removal and are simultaneously filing a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Marshall County, West Virginia, as required under 28 U.S.C. §1446(d).  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit C.

22.     By filing this Notice of Removal, Defendants do not waive objections to defects in service of process, jurisdiction, venue, or any other defense, all of such objections being specifically reserved by Defendants.

23.     Defendant Hunter Truck has this day filed two copies of its Corporate Disclosure Statement, pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, indicating that it has no parent corporation and that no corporation owns more than 10% of its stock.  A copy is attached as Exhibit D.

WHEREFORE, Defendants Anthony Michael D'Angelo and Hunter Truck Sales & Service, Inc. pray that the Court exercise jurisdiction over this action and issue all necessary orders and process to remove this action from the Circuit Court of Marshall County, West Virginia to the United States District Court for the Northern District of West Virginia.

Dated: April 18, 2013

/s/ **Christopher S. Arnold** 4/18/2013
R. Scott Long (W.Va. Bar No. 2238)
Christopher S. Arnold (W.Va. Bar No. 8774)
HENDRICKSON & LONG, PLLC
214 Capitol Street
P.O. Box 11070
Charleston, West Virginia 25339
Telephone: 304-346-5500
Fax: 304-346-5515
scott@handl.com
carnold@handl.com

Counsel for Defendants
*Anthony Michael D'Angelo*
*Hunter Truck Sales & Services, Inc.*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

ATRONDRA R. WILLIAMS,

        Plaintiff,

vs.                                         Civil Action No._____

ANTHONY MICHAEL D'ANGELO and
HUNTER TRUCK SALES & SERVICES, INC.
a Pennsylvania corporation,

        Defendants.

## CERTIFICATE OF SERVICE

    I, Christopher Arnold, counsel for Defendants Anthony Michael D'Angelo and Hunter Truck Sales & Service, Inc., do certify that I have this **18th day of April, 2013**, filed the foregoing **"NOTICE OF REMOVAL OF DEFENDANTS ANTHONY MICHAEL D'ANGELO AND HUNTER TRUCK SALES & SERVICE, INC.,"** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Eric M. Gordon (W.Va. Bar No. 6897)
    BERRY, KESSLER, CRUTCHFIELD, TAYLOR & GORDON
    514 Seventh Street
    Moundsville, West Virginia 26041
    Telephone 304-845-2580
    Facsimile 304-845-9055
        *Counsel for Plaintiff*

                                                  /s/ **Christopher S. Arnold**    **4/18/2013**
                                                  Christopher Arnold (W.Va. Bar No. 8774)
                                                  HENDRICKSON & LONG, PLLC
                                                  214 Capitol Street
                                                  P.O. Box 11070
                                                  Charleston, West Virginia 25339
                                                  Telephone: 304-346-5500
                                                  Fax: 304-346-5515
                                                  carnold@handl.com
                                                      *Counsel for Defendants*
                                                  *Anthony Michael D'Angelo*
                                                  *Hunter Truck Sales & Services, Inc.*